

# In the Court of Criminal Appeals of Texas

No. WR-94,322-01

EX PARTE TUAN TRUNG TA,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1282590-A in the 228th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant entered an open guilty plea to murder in 2013 and was sentenced to forty years' imprisonment. Applicant filed a direct appeal challenging his conviction, but after filing he requested to withdraw the notice of appeal. The Fourteenth Court of Appeals granted Applicant's request and dismissed the appeal in 2014. *Tuan Trung Ta v. State*, No.

14-13-00351-CR, 2014 WL 2446621, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2014, no pet.). In September of 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his plea was involuntary due to the ineffective assistance of counsel, that his counsel was ineffective for denying Applicant the right to testify at the plea hearing, and that the deprivation of his right to testify was structural error.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661, 663 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348, at *1 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was dismissed in 2014, but this writ application was not filed until over eight years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided. Consistent with this Court's precedent, the trial court "may *sua sponte*

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                  December 14, 2022
**DO NOT PUBLISH**